UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NICHOLE DECELLES,

Plaintiff,

-VS-

CASE NO.: 6:14-cv-423-orl-18TBS

WHETSTONE PARTNERS, LLC,
d/b/a/ ETITLELOAN,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Brevard County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida

5. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6. Defendant is a corporation which was formed in Deleware, with its principal place of business at 2001 NW 107th Avenue, 3rd Floor, Miami, Florida 33172.

1

2. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (321) 821-8213, and was the called party and recipient of Defendant's hereafter described calls.

3. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

4. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

5. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

6. Each call the Defendant made the Plaintiff was an intentional and willful violation of the TCPA.

7. In or December of 2012, Plaintiff procured a loan with Defendant in the amount of $1,103.47 for the Title of a 2004 Dodge Intreped motor vehicle. Plaintiff agreed to the terms of the aforementioned loan in the amount of $91.95 for 11 months, and $92.02 for 1 final month.

8. In or about August of 2013, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone number, (321) 821-8213. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from the following phone numbers: (305) 508-9349 and (305) 508-9100.

9. In or about August of 2013, Plaintiff revoked any express consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

10. In or about August of 2013, Plaintiff began receiving telephone calls to her aforementioned cellular telephone from Defendant in an attempt to alter the terms of Plaintiff and Defendants aforementioned loan agreement, and get her to refinance the loan in exchange for an extension of the debt and additional interest payments to Defendant.

11. Defendant made approximately sixty (60) phone calls to Plaintiff's aforementioned cellular telephone number between August of 2013 through January of 2014. [Please see **Exhibit A** demonstrating at least twenty-three phone calls from October 12, 2013 to December 2, 2013.]

12. On more than six occasions, Plaintiff has answered the Defendants phone calls in an attempt to be removed from the call list and was told each time that her phone number would be removed from the call list.

13. On October 26, 2013, Plaintiff was transferred to a "manager," who assured the Plaintiff that her name would be removed from the call list, and that she would not be called anymore.

14. In or about November of 2013, Plaintiff answered one of Defendant's phone calls in an attempt to be removed from the call list, and was told by a call representative that he was sorry for disturbing her, that the call system automatically generates the phone number and call, and then puts the call through to him in order for them to speak with her. She asked him, again, to be removed from the call system.

15. Each of Plaintiff's conversations with the Defendant demanding an end to the unwarranted harassment were ignored.

16. Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any business relationship with Defendant.

17. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular numbers removed from the call list.

18. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts and solicit continued business from individuals such as Plaintiff for its financial benefit.

19. Defendant has many similar complaints from consumers across the country, as those alleged in this lawsuit, by Plaintiff.

20. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

21. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

22. Defendant willfully or knowingly violated the TCPA.

## COUNT I
### (Violation of the TCPA)

23. Plaintiff incorporates Paragraphs one (1) through twenty-seven (27).

24. Calls placed by Defendant to Plaintiff's aforementioned cellular telephone number were made without the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

25. Furthermore, none of the calls at issue were placed by Defendant to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

26.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant WHETSTONE PARTNERS, LLC for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Amanda J. Allen*
Amanda J. Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
aallen@forthepeople.com
Florida Bar #: 098228
Attorney for Plaintiff